1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TROY WALKER,                              No.  2:13-cv-1963 MCE AC PS

12                    Plaintiff,

13        v.                                   ORDER AND

14   STONEBRIDGE INVESTMENT GROUP,             FINDINGS & RECOMMENDATIONS
     LLC, ET AL.,
15
                     Defendants.
16

17
         Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to
18
     28 U.S.C. § 1915 to proceed in forma pauperis.  This case was referred to this court by Local
19
     Rule 72-302(c)(21).
20
         Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable
21
     to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma
22
     pauperis will be granted.  28 U.S.C. § 1915(a).
23
         The federal in forma pauperis statute authorizes federal courts to dismiss a case if the
24
     action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,
25
     or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.
26
     § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
27
     Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
28

                                              1

1   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.

4          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5   which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

7   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

8   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9   this standard, the court must accept as true the allegations of the complaint in question, Hospital

10  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

11  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

12  McKeithen, 395 U.S. 411, 421 (1969).

13         Plaintiff here brings forth two claims against defendants Stonebridge Investment, LLC

14  (aka "I Stopped the Sheriff") and Bank of America for negligence.  These claims arise out of

15  certain fraudulent and predatory business practices allegedly employed by Stonebridge

16  Investment when purporting to provide legal services in order to delay evictions for its clients.

17         Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all

18  civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises

19  under' federal law either where federal law creates the cause of action or 'where the vindication

20  of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican

21  Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting Franchise Tax Bd.

22  v. Construction Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  The presence or absence of

23  federal-question jurisdiction is governed by the "well-pleaded complaint rule."  Caterpillar, Inc.

24  v. Williams, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal

25  jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

26  pleaded complaint."  Id.  "'Dismissal for lack of subject-matter jurisdiction because of the

27  inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible,

28  foreclosed by prior decisions of this Court, or otherwise devoid of merit as not to involve a

1  federal controversy.'"  United States v. Morros, 268 F.3d 695, 701 (9th Cir. 2001) (quoting Steel

2  Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (quotation omitted)).  Plaintiff is

3  alleging claims for negligence against the defendants.  Because these matters do not appear to

4  arise under federal law, the court does not have federal question jurisdiction.

5         Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil

6  actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000"

7  and where the matter is between "citizens of different States."  Diversity jurisdiction requires

8  plaintiff to be diverse from all named defendants.  See 28 U.S.C. § 1332.  Plaintiff and

9  Stonebridge Investment appear to be California citizens, and therefore the complete diversity

10  requirement is not satisfied.

11         Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma

12  pauperis (ECF No. 2) is granted; and

13         IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter

14  jurisdiction.

15         These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20  within the specified time may waive the right to appeal the District Court's order.  Turner v.

21  Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

22  1991).

23  DATED: December 27, 2013

24

25  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

26

27

28

3